```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| CHRISTOPHER MAJOR, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil No. 19-299-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| CORPORAL COOPER, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendants. | ) | |
| | ) | |

                          \*\*\*    \*\*\*    \*\*\*    \*\*\*

Christopher Major is a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Major filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and, for the reasons set forth below, the Court will dismiss Major's claims.

In Major's complaint, he briefly describes recent interactions he had with four prison officials: Corporal Cooper, Officer Smith, Officer Chandler, and Captain Jones. Major then indicates that he is suing each defendant in both their individual and official capacities and says he is seeking $10 million in damages. However, Major does not identify the constitutional rights he alleges were violated. Ultimately, while the Court has tried to characterize each of Major's claims, it is clear that he has failed to state a claim upon which relief may be granted.

Major first sues Corporal Cooper and Officer Smith. Major alleges that, on April 21, 2019, Corporal Cooper was conducting third shift cell checks, came into Major's cell, and pulled a towel off Major's face. [R. 1 at 4]. Major then alleges that he put the towel back on his face and, in response, Corporal Cooper said, "I will knock you the f--- out." [*Id.*]. However, Major does not allege that Corporal Cooper actually used any force against him. [*See id.*].

Major later alleges that, on April 28, 2019, "Officer Smith and I started . . . hollering back and forth." [*Id.*]. Major then claims that "Officer Smith was trying to get into my cell and fight me but the Officer in the tower wouldn't open my cell door." [*Id.*]. Major does not allege that Officer Smith used any force against him. [*See id.*].

While Major does not identify the constitutional rights he alleges were violated, the Court will construe his complaint as asserting excessive force claims against Corporal Cooper and Officer Smith pursuant to the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) (discussing excessive force claims brought by pretrial detainees against prison officials).

That said, Major has failed to state such claims for relief. After all, to state an excessive force claim under the Fourteenth Amendment, a pretrial detainee must allege that an officer used force against him and that the officer's conduct was objectively

2

unreasonable. *See id.* at 2472. Here, Major does not allege that either Corporal Cooper or Officer Smith actually used force against him. Instead, at most, Major alleges that Corporal Cooper and Officer Smith cursed, hollered, and verbally threatened him, and the United States Court of Appeals for the Sixth Circuit has made it clear that such conduct is simply "insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Thus, the Court will dismiss Major's claims against Corporal Cooper and Officer Smith.

Major then sues Officer Chandler. Major alleges the following:

> On May 8, 2019, Officer Chandler took a 1983 civil suit from me which I had written down my feelings. I didn't want to give them to him but he threatened to write me up. He said he would give me a copy but I never heard about it again. I asked for a civil suit on 5/8/19, 5/17/19, 5/18/19, and 5/21/19, and Officer Chandler refused to give me one every time.

[R. 1 at 5]. Major then adds that he asked for paper, but Officer Chandler refused to bring him some. That said, Major later states that Officer Chandler did bring him paper on May 21, 2019. [*Id.*].

Major does not say which of his constitutional rights Officer Chandler allegedly violated. However, since Major suggests that he was trying to pursue a § 1983 civil rights case and Officer Chandler interfered with that process, the Court will construe Major's complaint as asserting a First Amendment denial of access

3

to the courts claim. However, to state such a claim, a plaintiff must show actual injury to a nonfrivolous legal claim." *Williams v. Wright*, No. 2:19-cv-040-WOB, 2019 WL 2236257, at *3 (E.D. Ky. May 23, 2019) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Here, while Major makes a passing reference to the fact that he "had Court on May 23, 2019" [R. 1 at 5], he does not identify any harm he suffered as a result of Officer Chandler's alleged conduct. Indeed, Major fails to clearly refer to any particular case, whether already pending or anticipated to be filed. Major also fails to describe the nature of the § 1983 claim he was allegedly pursuing in early May 2019, and, instead, simply says he "had written down [his] feelings." [*Id.*]. Given these facts, as well as the fact that Officer Chandler provided paper to Major and that Major was actually able to file this civil rights case, the Court will dismiss Major's claim against Officer Chandler.

Major then sues Captain Jones, but his only allegation appears to be that Captain Jones never responded to a written grievance regarding Major's "IBP status." [*See id.*]. Since the Sixth Circuit has made it clear that "the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to

4

establish liability under § 1983," *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012), the Court will dismiss Major's claim against Captain Jones.

Finally, Major indicated that he is also suing each of the named defendants in their official capacities. [R. 1 at 2]. This means Major is also asserting his claims against Fayette County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). However, Fayette County is not liable merely because it employs the named defendants; in fact, the county cannot be held responsible for alleged constitutional deprivations unless there is a direct causal link between a county policy or custom and the deprivation. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978).

Here, Major does not allege that any Fayette County policy or custom prompted the named defendants' alleged actions. Therefore, Major's claims against the prison employees in their official capacities also fail to state claims upon which relief may be granted. Therefore, the Court will dismiss those claims as well.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. The following claims are **DISMISSED WITH PREJUDICE:** Major's Fourteenth Amendment excessive force claims against Corporal Cooper and Officer Smith; Major's First Amendment

5

denial of access to the courts claim against Officer Chandler; Major's grievance-related claim against Captain Jones; and Major's corresponding official capacity claims.

2. To the extent that Major is trying to assert any other claims for relief, those claims are **DISMISSED WITHOUT PREJUDICE.**

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 30th day of July, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge